IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Tyrell Eaglin, ) | C/A No. 0:18-3079-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael McCall; Warden Jim Riley; Ass. ) | |
| Warden Lane; A. Hudson; Willie Ocean; Ms. ) | |
| Albert; Mr. Zahm; J. Hollis; Warden Willie ) | |
| Davis; John Robinson; Ms. S. Ferrell; Dr. ) | |
| Woods; Dr. Leaf; Ms. Hutto; Kenneth Martin; ) | |
| Mr. Innabinet; Florence Mauney; John Palmer; ) | |
| Mr. Burrows; Ms. Mac; Nurse Chudd; Mr. ) | |
| Brown; Mr. Oberman; Ms. Charlene Toliver; ) | |
| Ms. Harrolds; Ms. Johnson; Dr. Smith; Ms. ) | |
| Garcia; Mrs. Judy Mitchner; Ms. Moore; ) | |
| Vaugh Jackson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Adrian Tyrell Eaglin, proceeding *pro se*, filed an Amended Complaint in this case that purports to add Mr. J. McCall, James Hill, Miss Boyd, and Doctor Hodge as defendants in this action. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In screening the Amended Complaint pursuant to 28 U.S.C. § 1915 and § 1915A, the court concludes that Plaintiff's claims against Mr. J. McCall, James Hill, Miss Boyd, and Doctor Hodge are improperly joined, and accordingly, that these defendants should be terminated from this action. See Fed. R. Civ. P. 20(a)(2) (providing a plaintiff may bring a claim against multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any

PJG

question of law or fact common to all defendants will arise in the action."); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits . . . but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act . . . . Complaints like this . . . should be rejected either by severing the action into separate lawsuits or by dismissing improperly joined defendants.") (internal quotation marks and citations omitted).

The subject of Plaintiff's original complaint and most of the Amended Complaint involve claims of unconstitutional conditions of confinement during his incarceration in the South Carolina Department of Corrections. However, the Amended Complaint also purports to include allegations regarding Plaintiff's conditions of confinement in a Colorado State Penitentiary in Canon City, Colorado. (Am. Compl., ECF No. 46 at 20-28.) While all of Plaintiff's claims concern his incarceration, the claims against the South Carolina defendants and the claims against the Colorado defendants concern separate incidents involving different defendants that occurred in different times and different places. Thus, there are no questions of fact that are common between the South Carolina and Colorado defendants, nor does the relief Plaintiff seeks arise out of the same transaction or occurrence. If Plaintiff wishes to pursue his claims against Mr. J. McCall, James Hill, Miss Boyd, and Doctor Hodge, he must file a separate lawsuit against them in a court of competent jurisdiction.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to drop J. McCall, Hill, Boyd, and Hodge as defendants in this case.

*PJG*

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 30, 2019
Columbia, South Carolina