IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Adrian Tyrell Eaglin, ) | C/A No. 0:18-cv-03079-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Michael McCall; Warden Jim Riley; Ass. ) | |
| Warden Lane; A. Hudson; Willie Ocean; ) | |
| Ms. Albert; Mr. Zahn; J. Hollis; Warden ) | **OPINION & ORDER** |
| Willie Davis; John Robinson; Ms. S. ) | |
| Ferrell; Dr. Woods; Dr. Leaf; Ms. Hutto; ) | |
| Kenneth Martin; Mr. Innabinet; Florence ) | |
| Mauney; John Palmer; Mr. Burrows; ) | |
| Ms. Mac; Nurse Chudd; Mr. Brown; Mr. ) | |
| Oberman; Ms. Charlene Toliver; Ms. ) | |
| Harrolds; Ms. Johnson; Dr. Smith; Ms. ) | |
| Garcia; Mrs. Judy Mitchner; Ms. Moore; ) | |
| Vaugh Jackson ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for review of the May 29, 2020 Report and Recommendation of United States Magistrate Judge Paige J. Gossett (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). In the Report, the Magistrate Judge recommends granting Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment. [ECF No. 139.] A Notice of Right to File Objections was attached to the Report. *Id.*

On June 18, 2020, Plaintiff Adrian Tyrell Eaglin ("Plaintiff") filed a document titled, "Motion: to Alter of[sic] Amend the Judgment and Appeal to Defendants' Summary Judgment (Objections to Report)." [ECF No. 141.] Because the document purports to serve as a motion to alter or amend, objections to the Report, or some combination of the two, this court considers the arguments therein in accordance with Rule 59(e), FRCP and the standard for reviewing objections.

1

### I. Rule 59(e) Motion to Alter or Amend a Judgment.

Rule 59(e), FRCP provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the *entry of the judgment*." Fed. R. Civ. P. 59(e) (emphasis added). It provides an "extraordinary remedy that should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal citation omitted).

As stated by the Fourth Circuit Court of Appeals, a court may grant a Rule 59(e) motion "only in very narrow circumstances: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). "A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted." *Sams v. Heritage Transp., Inc.*, No. 2:12-cv-0462, 2013 WL 4441949, at *1 (D.S.C. Aug. 15, 2013). Ultimately, whether to alter or amend a judgment under Rule 59(e) is a matter committed to the sound discretion of the district court. *See Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005).

To the extent Plaintiff's filing constitutes a motion to alter or amend pursuant to Rule 59(e), FRCP, the motion fails for two reasons. First, the motion is made in response to the Report, and the Report is only a recommendation to the undersigned—not a "judgment." *See* 28 U.S.C. § 636(b)(1)(C); *see also Gaddy v. United States Federal Courts*, No. 8:20-cv-737, 2020 WL 2079101, at *1 n.2 (D.S.C. Apr. 30, 2020 (construing a Rule 59(e) motion as objections "because the Magistrate's report is only a recommendation to the undersigned, it is not a final judgment that can be altered pursuant to Fed. R Civ. P. 59(e)"). Second, even if Rule 59(e) applied to the Report, Plaintiff fails to identify any "intervening change in controlling law," "new evidence," or "a clear

error of law" sufficient to qualify for relief pursuant to the rule. *Hill*, 277 F.3d at 708. For these reasons, and to the extent Plaintiff seeks relief pursuant to Rule 59(e), FRCP, the court denies the motion.

## II. Review of Objections.

As noted above, the Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47.

Further, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, courts are not required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Thus, the court need not—and will not—address any of Plaintiff's arguments that fail to point the court to alleged specific errors in the Report.

Here, due to a "change of judge involving this case,"[1] Plaintiff demands that the court conduct a review of both of the summary judgment motions in their entireties. [ECF No. 141 at p.2.] Plaintiff then proceeds to restate the purported "facts" of the case, *id.* at pp.5–9, but fails entirely to point to any portions of the Report to which he claims he is objecting. As a result, the court must conclude that, even when construed liberally and in the light most favorable to Plaintiff, the bulk of Plaintiff's filing as set forth in the "Facts" section fails to set forth any specific objections to the Report.

Turning to Plaintiff's "Discussion" section, it includes two headings: (1) Exhaustion of Administrative Remedies Generally and (2) Eighth Amendment Deliberate Indifference. *Id.* at pp.3–4. The arguments following each heading also fail to identify any purported errors in the Report. Out of an abundance of caution, however, and to the extent it is able to discern an argument or position presented, the court addresses the same.

---

[1] This matter was properly assigned to the Magistrate Judge for pre-trial handling. The fact that the matter was thereafter reassigned from one district judge to another has no bearing on the review the undersigned is required to conduct when presented with the Report. [*See* ECF No. 105 (reassigning case to the undersigned).] Further, the court notes that despite Plaintiff's contentions to the contrary, the reassignment occurred prior to the parties filing their summary judgment motions. [*See* ECF Nos. 112 (Defendants' motion for summary judgment), 125 (Plaintiff's motion for summary judgment).]

### A. Exhaustion of Administrative Remedies Generally.

In the Report, the Magistrate Judge concluded that as to Plaintiff's claim for deliberate indifference to his medical needs, Defendants did not carry their "ultimate burden to show that [Plaintiff's] claim should be dismissed as a matter of law for failure to exhaust administrative remedies." [ECF No. 139 at p.6.] As a result, the Magistrate Judge proceeded to the merits of that claim. *Id.*; *see also id.* at pp.7–12. The Magistrate Judge further concluded, however, that Plaintiff failed to present any evidence to counter Defendants' failure to exhaust argument on Plaintiff's other claims. *Id.* at p.6.

In the objections, Plaintiff directs the court to "plaintiff's exhibits on grievances step-one's and step-two's, attached to original summary judgment mentioned herein early on." [ECF No. 141 at p.3.] According to Plaintiff, through a review of these "exhibits," "exhausted remedies will be manifested. *Id.* The court disagrees for two reasons.

First, a review of Plaintiff's response in opposition to Defendants' motion for summary judgment evidences that he included only two exhibits: (1) a January 13, 2017 incident report and (2) a document with what seems to be lyrics to a song. [ECF No. 125.] Neither document evidences additional Step 2 grievances. In addition, neither document evidences any other basis to refute the undisputed evidence presented by Defendants. Second, having reviewed the history of this case, the court is unable to locate any "original summary judgment" motion filed by Plaintiff. There was a prior motion to dismiss filed by Defendants, which Plaintiff opposed. The court will presume for purposes of this objection that Plaintiff is relying on the exhibits attached to that opposition. [*See* ECF No. 82.] Having reviewed the exhibits attached to the opposition to the motion to the dismiss, the court finds that the documents fail to create a genuine dispute regarding Plaintiff's failure to exhaust his claims. The documents include the Step 1 grievances

referenced in the Report, but again file to include any additional Step 2 grievances. Therefore, this court overrules the objection, finding that Plaintiff failed to forecast any evidence to counter Defendants' exhaustion argument.

Finally, while the court is unable to completely decipher Plaintiff's argument that "failure to exhaust does not come into play," the argument seems to hinge on or is tied to *Ross v. Blake*, 136 S. Ct. 1850 (2016). In *Ross*, the United States Supreme Court described limited circumstances in which exhaustion may be excused. Plaintiff's reference to the case does not in-and-of-itself amount to evidence of those limited circumstances such that exhaustion is excused in this case. Because Plaintiff fails to identify or forecast any evidence to support a finding that exhaustion should be excused in this case, the objection is overruled.

For these reasons, the court overrules Plaintiff's objections to the Report's recommendation. As outlined in the Report, with the exception of the deliberate indifference to medical needs claim, Defendants are entitled to summary judgment on all claims due to Plaintiff's failure to exhaust his administrative remedies.

**B. Eighth Amendment Deliberate Indifference.**

Plaintiff's deliberate indifference claim relates to the following allegations:

- Plaintiff is allergic to sulfa and that the personal hygiene products at SCDC canteens contain the chemical;
- When he uses the products he suffers an allergic reaction to include skin breakouts, bumps, bleeding, and puss;
- He received approval to order sulfa-free hygiene products from outside of SCDC;
- His orders were confiscated by certain named-defendants in this action; and

- Plaintiff contends the confiscations served as acts of deliberate indifference to his medical needs.

The Report recommended granting summary judgment in favor of Defendants on this claim because (1) "the record indisputably shows that [he] had access to medical care and treatment on a continual basis while housed within SCDC facilities"; (2) he was "treated with a variety of medications, ointments, and skin creams"; (3) he "was granted special permission to order certain hygiene products from outside of SCDC"; (4) he "received his special-order hygiene products when he complied";[2] (5) Plaintiff "provided no admissible evidence supporting a finding that he faced 'a substantial risk of serious harm' from his skin condition while housed within SCDC"; and (6) "[at] most, [his] claims allege negligence or medical malpractice, which are not actionable under § 1983." [ECF No. 139 at pp.11–12.]

Plaintiff's only objection is that "Defendants never denied the facts, nor have they denied stopping and confiscating sulfer[sic]-free products on arrivals repeatively[sic]." [ECF No. 141 at p.4.] This objection necessarily fails. In the Report, the Magistrate Judge considered Plaintiff's contention that "his orders were confiscated by the defendants." [ECF No. 139 at p.10.] Even taking Plaintiff's conclusory contention as true, however, he did not deny that he "had access to medical care and treatment," that he was "treated with a variety of medications, ointments, and skin creams," and was given his "special-order hygiene products when he complied." The fact remains that Plaintiff does not have a constitutional claim against Defendants merely because he disagreed with the course of the treatment he received. *See Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988); *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010).

---

[2] The evidence in the record established that in some instances Plaintiff would order unapproved items in conjunction with the approved items.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court overrules the objections, adopts the Report, and incorporates the Report by reference herein. Accordingly, Defendants' motion for summary judgment [ECF No. 112] is **GRANTED,** and Plaintiff's motion for summary judgment [ECF No. 125] is **DENIED**. All other pending motions are hereby **TERMINATED** as **MOOT**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

June 25, 2020
Florence, South Carolina